

FEB 2 7 2012

Clerk, U.S. District Court
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LIONEL DRAKE,   PLAINTIFF**

**vs.**

CASE NO _12-CV-2115. EFM│JPO_
**JURY TRIAL REQUESTED**
**PLACE OF TRIAL**
**KANSAS CITY, KANSAS**

**COX ENTERPRISES, INC**
**COX COMMUNICATIONS, INC**
**COX COMMUNICATIONS KANSAS, LLC**
**COX MEDIA, LLC,    DEFENDANTS**

## COMPLAINT
### FOR FEDERAL ANTITRUST VIOLATIONS
### AND UNFAIR COMPETITION

1.    This action is brought to recover damages suffered by plaintiff as a direct result of defendants anticompetitive monopoly over cable television,  and defendants illegal restraint of trade in the commercial religion based television program and consumer products market.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction:     28 USC 1337 and

28 USC 1331.     This case  arises under Section 2 of the Sherman Act,

15 USC Sections 2 and 15,     and Section 4 and Section 16 of

The Clayton Act,     15 USC Section 26.

3.     Venue is proper in this judicial district:     15 USC Section 22.

All defendants can be found in this district.     All defendants transact

business in this district.     Many of the acts that gave rise to the claims

in this action occurred in this district.     And the damages were suffered

by Plaintiff in this district.

## PARTIES

4.     Plaintiff is a freelance writer and television producer.     Plaintiff

is a competitor of defendants in the media communications industry.

Plaintiff  and  defendants  provide  competing  news,     educational

information and entertainment.

5.     Cox Enterprises Inc is a media communications company which

owns and controls the other defendants.     Cox Enterprises Inc owns

and controls Cox cable television,     which comprises more than one

third of America's dominant communications network, cable television.

2

## THE RELEVANT MARKET

6.      Each year in the United States numerous producers of television programs spend billions of dollars buying commercial air time on cable television to commercially market religion based television programs and consumer products,  books,  CDs,  DVDs, etc.      Each producer, and each program,    competing for audience share and market share, are compelled to buy commercial air time on cable television because there is no practical alternative to cable television.

7.      Cable television is the only practical mass media forum available for the commercial marketing of religion based television programs and consumer products.      Broadcast television is simply not competitive. In fact,  broadcast stations are nothing more than a part of cable television now, since most consumers simply do not have reception capability to receive broadcast signals, and so the result is broadcast channels   can only be watched on cable television.      This demonstrates, that all television is totally dominated by cable television, and in order to be competitive,    commercial marketing of religion based television programs   and   consumer products   requires

3

access to commercial air time on cable television because cable television is essential and indispensable to the commercial marketing of religion based television programs and the commercial marketing religion based consumer products.

8.      Commercial demand for religion based television programs and consumer products is tremendous.    Each year,    television programs that explore religion from a historical,   scientific,    and theological perspective    generate billions of dollars in sales of books,    CDs, DVDs,    and other commercial religion based consumer products. Churches and religious organizations that spend heavily on commercial air time on cable television have seen their revenues skyrocket,   and sales of their books and other religion based consumer products increase dramatically when commercial air time on cable television is purchased.

9.      Religion based television shows that are not produced by religious organizations also experience tremendous commercial success because they have access to commercial air time on cable television.    Shows like Bible Prophecies and Mysteries of the Bible generate sales of books and CDs all over the world.    The commercial   success in marketing religion based shows and consumer products is due to having   access

4

to commercial air time on that essential facility,    cable television.

## THERE HAS BEEN PRIOR DEALING IN THIS CASE

10.    Plaintiff is the producer of several 30 second television shows that have been shown on Cox cable television.    The 30 second television shows produced by plaintiff provide news,    educational information, and entertainment that competes with defendants.    Plaintiff's 30 second television shows offer consumers alternative views on religious thought,    as well as religion based consumer products such as books, CDs and DVDs.    Plaintiff's 30 second television shows have been shown on Cox cable television in 2006 and 2009,  on cable networks MSNBC, The History Channel,  Fox Network, CNN,  and during the Larry King show and other popular cable shows.

11.    Now,    defendants refuse to sell plaintiff any more commercial air time on Cox cable television as they have in the past,    despite the fact that defendants would benefit financially from the transactions. Defendants are willing to sacrifice short term gain in order to make long term monopolistic profits.    Defendants long term monopolistic profits come from competing shows that feature Christian and Jewish history and theology that  are  commercially  profitable  for  defendants.

5

And so defendants termination of dealing with Plaintiff demonstrates defendants monopolistic intent and is based on defendants anticompetitive motives and intent.    Defendants now refuse to sell plaintiff commercial air time on Cox cable television because defendants do profit from refusing to sell commercial air time to competing shows... competing shows that do not feature Christian and Jewish history and theology.    Defendants will only sell commercial air time to market shows that feature Christian and Jewish history and theology. Defendants will only allow Christian and Jewish productions to engage in commercial business on Cox cable television.

## COX CABLE TELEVISION EQUIPMENT AND SYSTEM CONSTITUTES AN ESSENTIAL FACILITY FOR COMPETITION IN THE MEDIA COMMUNICATIONS INDUSTRY

12.    Cox cable television does have an unregulated exclusive franchise in every community in the United States where Cox cable television operates.

13.    There is no government agency with powers to enforce fair and open access to Cox cable television services.

14.    There is no government agency with powers to protect

6

competition   in   the     media   communications   industry   or   the commercial market for  religion   based   television  programs and consumer products.

15.    The Kansas Corporation Commission (KCC) has stated the state has no regulatory authority over Cox cable television.

16.    Cox  cable  television  does  have  dominant  influence  in  every community in the United States where Cox cable television operates.

17.    Cox cable television dominates all local broadcast stations and all distant  broadcast  stations  in  every  community  in  the  United  States where Cox cable television operates.

18.    97%  of  all  TV  households  subscribe  to  Cox  cable  television  in every  community  in  the  United  States  where  Cox  cable  television operates.

19.    Cox  cable  television  has  total  control  over  access  to  all  cable networks  in  every  community  in  the  United  States  where  Cox  cable television operates.

20.    Cox  cable  television  has  total  control  over  all  access  to  cable television  services  in  every  community  in  the  United  States  where Cox cable television operates.

21.   Defendants do have a total monopoly over all cable television services in every community in the United States where Cox cable television operates.

22. Cox cable television equipment and system is an essential facility for competition in the media communications industry,   and for the commercial marketing of religion based television programs and consumer products.

23.   Defendants do have total control over Cox cable television.

24.   Defendants are a monopolist,   with a duty to share Cox cable television services with a competitor in the media communications industry.

25.   Cox cable television totally dominates all television in every community in the United States where Cox cable television operates. Cox cable television services can not be practically or reasonably duplicated.

26.   It is feasible for Defendants to allow competitors access to commercial air time on Cox cable television.

27.   There is no government agency with power to enforce fair and equal access to Cox cable television services.

8

28.   Defendants have terminated dealing with plaintiff   in   order to   destroy competition in the media communications industry with ruthless malice,   and to unreasonably   restrain   trade in the commercial market for religion based television programs and consumer products.

29.   Defendants have terminated dealing with plaintiff and will not sell plaintiff any more commercial air time...   because defendants do have a policy and practice of selling commercial air time only to market shows that feature Christian and Jewish history and theology. And Cox does profit commercially by only allowing Christian and Jewish shows to engage in commercial business on Cox cable television.

## SUMMARY OF THIS CAUSE OF ACTION

30.   Defendants own and control one third of the cable television system in the United States.   In each and every community throughout the United States,   where Cox cable television operates, defendants totally dominate all television,   because defendants do have an exclusive unregulated franchise in each and every one of those communities.   And because of defendants unregulated franchise millions of Americans   are   forced   to pay for Cox cable   television

because there is no practical alternative, while at the very same time Cox continues to use its unregulated monopoly to deprive the audience of the benefits of competition in the media communications industry.

31.    Cox cable television equipment and system is an essential facility for the commercial marketing of religion based television programs and consumer products.

32.    This action is necessary because without fair and open access to the essential facility of cable television consumers are denied the benefit of choice,   because competing shows that feature religion are not allowed by Cox.

33.    Cox does profit commercially from only allowing Christian and Jewish productions to engage in commercial business on Cox cable television.    And Cox does have a monopolistic financial interest in only selling commercial airtime to market religion based shows that feature Christian and Jewish history and theology.

34.    Defendants have terminated dealing with plaintiff because defendants do have a policy and practice to destroy competition in the media communications industry with ruthless malice.

35.    Defendants do have a duty to allow competitors fair and open access to commercial air time on Cox cable television because Cox cable television is an essential facility,    for competition in the media communications industry, and for the commercial marketing of religion based television programs and consumer products.

### CLAIM FOR RELIEF
### VIOLATION OF SECTION 2 OF THE SHERMAN ACT
### FOR MONOPOLIZATION AND
### DENIAL OF ACCESS TO AN ESSENTIAL FACILITY

36.    Plaintiff incorporates by this reference each and every factual allegation of paragraphs 1-34 above.

37.    Defendants do own and control Cox cable television.

38.    Plaintiff is a competitor of defendants in the media communications industry.

39.    Cox cable television system and equipment is an essential facility for competition in the media communications industry and for the commercial marketing of religion based television shows and consumer products.

40.    Defendants do have a duty to allow competitors fair and open access to commercial air time on Cox cable television because

11

Cox cable television   is an   essential   facility   for   competition in the media communications industry and for the     commercial marketing   of   religion   based   television   shows   and   consumer products.

41.    Defendants have terminated dealing with plaintiff,    and will not sell plaintiff any more commercial air time,    and have refused plaintiff access to Cox cable television services.

42.    Cox cable television is unregulated by the government.

43.    It is feasible for Defendants to allow competitors access to commercial air time on Cox cable television.

44.    Defendants have terminated dealing with plaintiff because defendants do gain monopolistic profit by refusing to sell commercial air time to competing shows that do not feature Christian and Jewish history and theology.

45.    Defendants refusal to sell commercial airtime to competing shows harms consumers and competition,    and is the type of anticompetitive conduct the antitrust laws were intended to prevent.

46.    A not insubstantial amount of interstate commerce in the commercial religion based television program and consumer   products

has been and continues to be affected by defendants illegal conduct, and defendants refusal to allow competing shows access to Cox cable television, harms consumers and harms competition.

47. As a direct result of defendants violations of Section 2 of the Sherman Act, plaintiff has been injured and continues to be injured in his business and property in an amount to be decided at trial, which amount is to be trebled per 15 USC Section 15.

48. As a direct result of defendants violation of Section 2 of the Sherman Act plaintiff has suffered and will continue to suffer irreparable harm unless defendants are restrained and enjoined by this Court from denying competitors access to Cox cable television services.

## PRAYER

Plaintiff prays for judgment against defendants as follows:

1. For a preliminary and permanent injunction on the claim for relief prohibiting defendants, their officers, directors, employees, agents, or anyone acting on their behalf from:

a. denying access to commercial air time on Cox cable television to plaintiff or any other competitor in the media communications industry;

13

b.      denying access to Cox cable television services to plaintiff or any other competitor in the media communications industry.

2.      For a preliminary and permanent injunction on the claim for relief ordering defendants to:

a.      provide access to commercial air time on Cox cable television to plaintiff or any other competitor in the media communications industry;

b.      provide access to Cox cable television services to plaintiff or any other competitor in the media communications industry.

3.      For treble damages in an amount to be decided at trial on Claim for Relief.

4.      For attorneys' fees and costs incurred in this action.

5.      For any other relief the Court feels is right.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable by jury.

**PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas as the place of trial.

DATED:   2-27-12

14

**Lionel Drake**
**2833 SE Indiana Ave**
**Topeka, Kansas 66605**
**785 350-1535**
**holymural@gmail.com**

**15**